**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

KENNETH R. CLEVELAND,

        Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,[*]

        Defendant-Appellee.

No. 96-5242
(D.C. No. 95-CV-456-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and EBEL, Circuit Judges.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. The Commissioner has been substituted for the Secretary in the caption. In the text, however, we continue to refer to the Secretary because the Secretary was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's order affirming the decision of the Secretary denying his applications for social security disability and supplemental security income benefits. We review the Secretary's decision on the entire record to determine whether it is supported by substantial evidence and whether the Secretary applied correct legal standards. See Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Exercising jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

Plaintiff alleges disability since January 9, 1993, when he suffered injuries in an automobile accident. He complains of pain, headaches, weakness, lack of strength in his left leg, sleep disturbance, forgetfulness, irritability, loss of memory and concentration, dizziness, tinnitus, blurred vision, numbness, and depression. After conducting a hearing, the Administrative Law Judge (ALJ) determined plaintiff "has severe myofascial strain and is status post a mild concussion, and is malingering with an antisocial personality disorder and drug dependency in remission." II Appellant's App. at 30. The ALJ further determined, at step four of the five-step sequential evaluation process, see

20 C.F.R. §§ 404.1520, 416.920, that plaintiff has the residual functional capacity (RFC) to perform his past relevant work as an automobile detailer, since that job does not require lifting more than fifty pounds occasionally or lifting or carrying more than twenty-five pounds frequently or significant dealings with the public. See II Appellant's App. at 30-31. The ALJ therefore concluded plaintiff is not disabled. When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the Secretary's final decision. Plaintiff sought judicial review in the district court, and the parties consented to final disposition by the magistrate judge, who affirmed the decision of the Secretary. This appealed followed.

Plaintiff argues the ALJ did not conduct a proper analysis at step four to determine whether he could perform his past work. First, plaintiff argues that the ALJ failed to properly assess his RFC by failing to properly evaluate his complaints of pain and failing to give weight to the opinions of his treating physicians. Although plaintiff recognizes that credibility determinations are the province of the Secretary, see Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990), he contends that the ALJ did not closely and affirmatively link his findings regarding pain to substantial evidence. Also, he maintains the ALJ did not accord proper weight to the opinion of his treating

physician, Dr. Duncan, and failed to properly consider the possibility that psychological disorders might combine with plaintiff's physical problems.

As plaintiff recognizes, the ALJ is not required to accept Dr. Duncan's brief, conclusory statement of June 2, 1993, that plaintiff is temporarily, totally disabled, see II Appellant's App. at 150. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (holding Secretary has final responsibility to determine disability and treating doctor's opinion may be rejected if conclusory and not supported by specific findings). We do not believe the ALJ erred in rejecting the statement. Dr. Duncan's most recent, comprehensive report of July 1, 1993, did not indicate that plaintiff suffered from a disabling condition. Rather, Dr. Duncan released plaintiff on June 21, 1993, to normal activities as he was able to tolerate them. See II Appellant's App. at 149. Dr. Duncan reported that plaintiff had head trauma from the accident resulting in "severe head pain" and "soft tissue injuries in the form of myofascial strain to the cervical, thoracic and lumbar spine." Id. He further reported achievement of maximal recovery, some improvement in plaintiff's condition, including diminished cervical pain, but continuing recurring headaches. See id. Dr. Duncan noted a need for future care only in the form of drug treatment and physical therapy. See id.

Dr. Duncan's report is consistent with the other medical evidence in the record, which indicates that plaintiff is not disabled. That evidence indicates plaintiff received only conservative treatment for his accident injuries. Dr. Sikka treated plaintiff for eleven days in June 1993 at the Northeast Oklahoma Rehabilitation Hospital. At the time of admission, Dr. Sikka indicated plaintiff's prognosis was excellent and set goals to decrease his pain, decrease his pain medication, increase his activities, and return him to his previous lifestyle and vocation. See id. at 192-93. Dr. Sikka diagnosed plaintiff on discharge as having a soft tissue injury, mild post concussion syndrome, nonorganic pain behavior, and psychological overlay. See id. at 186. At that time, his spine was normal, and he was able to manage his pain, was "very active," and had met his long-term goals. See id. at 187. Dr. Sikka released plaintiff to light-duty work not requiring lifting greater than thirty pounds. See id. Upon release, however, plaintiff still suffered from headaches and neck, back, and leg pain. See id. at 195. Dr. Lee, a psychologist, who indicated plaintiff "impresses me as being totally disabled," based that impression solely on plaintiff's complaints. See id. at 183. The ALJ properly gave little weight to his opinion. See Castellano, 26 F.3d at 1029.

Dr. Blake, who did a consulting psychiatric examination in April 1994, noted little discomfort or pain. See II Appellant's App. at 215. He diagnosed

plaintiff as malingering with questionable residue from his accident. See id. at 216. Dr. Dalessandro, who also performed a consulting examination, determined that plaintiff was uncooperative and had no problems getting on or off the examining table, even though movement resulted in pain. See id. at 219-20. He reported that it was "difficult to ascertain if [plaintiff was] in the extreme pain he purports to be in." Id. at 221.

Plaintiff believes the ALJ improperly relied on the reports of the consulting doctors. Although the treating physician's opinion regarding the severity of a claimant's impairments is generally favored over that of a consulting physician, see Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995), the ALJ did not give inappropriate weight to the consulting doctors. Because there was no evidence that plaintiff suffered permanent disability at the time he was released by his treating doctors, the ALJ properly considered the consulting doctors' questioning of his credibility.

Contrary to plaintiff's argument, the ALJ did not ignore plaintiff's complaints of pain. Rather, the ALJ considered his complaints in accordance with Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987), see II Appellant's App. at 25, 28, 29, and determined they were credible to the extent he could perform medium work. Also, the ALJ considered plaintiff's alleged mental impairments and took the only credible impairment, his inability to have substantial contact with the

public, into account in determining plaintiff could perform his past work as an automobile detailer. Because the ALJ's credibility findings regarding pain are closely and affirmatively linked to substantial evidence and are not merely conclusory, see Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988), we defer to those findings, see Diaz, 898 F.2d at 777.

Plaintiff argues the ALJ failed to make the required findings about the specific demands of his past work as an automobile detailer. The only information regarding plaintiff's past work as an automobile detailer was contained in disability and vocational reports. Those reports contained no information concerning the lifting, carrying, and bending demands of the job as he performed it or the amount of contact he had with the public. Plaintiff, therefore, argues the ALJ erred in failing to develop the record as to plaintiff's past work. Also, he challenges the ALJ's ultimate conclusion that he is capable of performing his past work as an automobile detailer.

We conclude plaintiff did not meet his burden of proving an inability to return to his past work. See Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir. 1990). In May of 1993, Dr. Sikka released plaintiff to light work where he did not have to lift more than thirty pounds. See II Appellant's App. at 187. There is no medical evidence in the record indicating plaintiff has a back injury limiting his ability to lift or carry, however, and Dr.

-7-

Duncan released him to normal activities, which would include medium work, as he was able to tolerate them. The ALJ recognized plaintiff has some limitation of motion, pain, and some decreased strength in his left leg, but no medical tests or other evidence indicated he cannot perform medium work. Cf. 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (stating use of medication or other treatment to relieve pain may indicate severe pain).

Although the ALJ did not question plaintiff regarding his specific duties as an automobile detailer, the evidence in the record, set forth above, supports the ALJ's conclusion that he is capable of performing this medium work as it is generally performed in the national economy. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1050-51 (10th Cir. 1993) (noting past work includes claimant's former occupation as it is generally performed in the national economy). Thus, the ALJ satisfied his duty of inquiry and factual development. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir. 1993). Contrary to plaintiff's suggestion, the Secretary had no obligation to call a vocational expert to testify whether plaintiff could perform his past work. See Musgrave v. Sullivan, 966 F.2d 1371, 1376 (10th Cir. 1992).

Because the ALJ adequately considered plaintiff's physical and mental RFC, the physical and mental demands of his past work, and whether he has the ability to meet those job demands despite the RFC limitations he may have, see

Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); Henrie, 13 F.3d at 361, we conclude there is substantial evidence in the record to support the ALJ's conclusion that plaintiff can perform his past relevant work as an automobile detailer and is not disabled.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge