**Jeff REID, Plaintiff–Appellant,**

v.

**Shirley S. CHATER, Commissioner, Social Security Administration,\* Defendant–Appellee.**

No. 95–2059.

United States Court of Appeals, Tenth Circuit.

Dec. 5, 1995.

---

\* Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103–296. Pursuant to Fed.R.App.P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

Gary J. Martone and Francesca J. MacDowell, Albuquerque, New Mexico, for Plaintiff–Appellant.

John J. Kelly, United States Attorney, Albuquerque, New Mexico, and Joseph B. Liken, Acting Chief Counsel, Region VI and Christopher Carillo, Lead Attorney, Office of the General Counsel, Social Security Administration, Dallas, Texas, for Defendant–Appellee.

Before BRISCOE, LOGAN, Circuit Judges, and THOMPSON,** District Judge.

RALPH G. THOMPSON, District Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.

** Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

*See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jeff Reid appeals from an order affirming the Secretary's decision that he was not disabled before the expiration of his insured status on June 30, 1989, and therefore was not eligible for disability insurance benefits. We affirm.

Plaintiff applied for disability insurance benefits and supplemental security income benefits in August 1991, claiming he became disabled on December 3, 1985, due to severe low back pain. The application was denied initially and on reconsideration.

Following an evidentiary hearing, an administrative law judge (ALJ) found that plaintiff worked through October 1989. Because plaintiff's insured status lapsed on June 30, 1989, the ALJ found he was ineligible for disability insurance benefits. However, he found plaintiff established he was disabled as of July 15, 1991, and therefore was eligible for supplemental security income.

■ The Appeals Council denied review; consequently, the ALJ's decision stands as the final decision of the Secretary in this case. The district court affirmed. We review the Secretary's decision "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." *Pacheco v. Sullivan,* 931 F.2d 695, 696 (10th Cir.1991).

■ Plaintiff first challenges the ALJ's finding that his disability onset date was after June 30, 1989, contending the ALJ failed to follow Social Security Ruling 83–20 by not calling a medical advisor at the hearing. Ruling 83–20 (West's Soc.Sec.Rptg.Serv.Rulings 1983–91, at 49 (1992)), defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations." Factors relevant to the determination are the claimant's allegation of an onset date, his work history, and the medical evidence, with medical evidence being the primary element in determining onset date. *Id.* at 49, 50.

■ Ruling 83–20 recognizes that it sometimes may be necessary to infer the onset date. The ALJ then should call on the services of a medical advisor at the hearing. *Id.* at 51. However, a medical advisor need be called only if the medical evidence of onset is ambiguous. *Bailey v. Chater,* 68 F.3d 75, 79 (4th Cir.1995); *Spellman v. Shalala,* 1 F.3d 357, 362–63 (5th Cir.1993); *Morgan v. Sullivan,* 945 F.2d 1079, 1082–83 (9th Cir.1991); *DeLorme v. Sullivan,* 924 F.2d 841, 848 (9th Cir.1991).

Dr. Barry Maron's April 18, 1989, report indicates that plaintiff complained of aching and stabbing translumbar discomfort and numbness anteriorly, transversely, and in the left anterior thigh. On examination, plaintiff was comfortable in a seated position. The side table test was negative for sciatic tension signs, calf circumferences were equal, motor control in the hip, knee, and ankle was excellent, extensor function of the large toe was strong, and leg lengths were clinically equal. Additionally, straight leg raises, hip rolls, flexion abduction, and external rotation elicited no discomfort. Sensation and circulation in the lower extremities with pinwheel and palpation was normal. Stress of the sacroiliac and lumbosacral joint elicited no discomfort. Plaintiff had a full range of motion of the spine. Heel and toe gait was normal. Lumbar spine x-rays revealed a spondylolysis, bilaterally, at L5 with a minimal slip anteriorly. Dr. Maron recommended Williams flexion exercises and bracing. He advised plaintiff to avoid heavy weight lifting, but thought plaintiff could perform sedentary, light, or moderate work. Dr. Maron also thought plaintiff might be able to return to his job as a painter once he got over this episode. Appellant's App. at 140.

Dr. Maron's report unambiguously establishes that plaintiff was able to do sedentary, light, and moderate work during the relevant time period, and therefore was not disabled at that time. Thus, if Dr. Maron's report is considered, the ALJ was not required to call a medical advisor under Ruling 83–20.

■ Plaintiff contends, however, that Dr. Maron's report should be given little if any weight because Dr. Maron examined him only once and therefore was not a treating physician. A treating physician's opinion about the nature and severity of a claimant's impairments will be given controlling weight under certain circumstances. *See Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1029 (10th Cir.1994). A treating physician's opinion generally is favored over that of a consulting physician. *Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir.1987). However, "[t]he treating physician rule governs the weight to be accorded the medical opinion of the physician who treated the claimant ... *relative to other medical evidence before the fact-finder,* including opinions of other physicians." *Kemp v. Bowen,* 816 F.2d 1469, 1476 (10th Cir.1987) (quotation omitted) (emphasis added). Dr. Maron's report was the only medical evidence submitted pertaining to the relevant time period. Plaintiff's later treating physicians did not express an opinion as to whether he was disabled during this time period. Therefore, the treating physician rule does not dictate that Dr. Maron's report be given little or no weight.

There is substantial evidence supporting the ALJ's finding that plaintiff's onset date was after June 30, 1989. The date an impairment forces a claimant to stop working is of great significance in determining the onset date. Ruling 83–20 (West's Soc.Sec.Rptg.Serv.Rulings 1983–91, at 50). Plaintiff was able to work through October 1989. This fact, coupled with Dr. Maron's opinion that plaintiff could perform moderate work as of April 1989, provides substantial evidence for the ALJ's finding.

■ The second issue is whether the ALJ improperly analyzed plaintiff's subjective complaints of disabling pain. We recently held that an analysis of the credibility of subjective complaints of disabling pain is inadequate if the ALJ merely states a conclusion that pain is not disabling without making express findings with reference to relevant evidence. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995). Although it appears the ALJ's pain analysis in the present case suffers from the same infirmity as in *Kepler,* we need not resolve the issue because plaintiff never testified he was disabled by pain be-

fore June 30, 1989.[1] Rather, he testified that he was beset by totally disabling pain when he finished his furniture building job. Appellant's App. at 75. Other evidence of record establishes that the furniture building job ended in October 1989. *Id.* at 172.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

1. Whether he was disabled by pain after June 30, 1989, but before the onset date of July 15, 1991, is immaterial; he would not be entitled to disability insurance benefits if he became disabled after expiration of his insured status, *see Flint v. Sullivan*, 951 F.2d 264, 267 (10th Cir.1991), and he would not be entitled to supplemental security income prior to the month in which he submitted his application (August 1991), Ruling 83–20 (West's Soc.Sec.Rptg.Serv.Rulings 1983–91, at 49).