74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald E. LAWSON, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-7014.
 United States Court of Appeals, Tenth Circuit.
 Jan. 19, 1996.
 
 Before SEYMOUR, Chief Judge, and McKAY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Donald E. Lawson applied for social security disability benefits and for supplemental security income disability benefits alleging disability due to breathing problems and limited mobility. The administrative law judge (ALJ) found claimant disabled as of January 28, 1991. Claimant appeals the selection of onset date, arguing that he has been disabled since April 1, 1985.[3]
 
 
 3
 We review the ALJ's decision only to determine whether his factual findings are supported by substantial evidence and whether he applied the correct legal standards. See Goatcher v. United States Dep't of Health & Human Servs., 52 F.3d 288, 289 (10th Cir.1995). We may neither reweigh the evidence nor substitute our decision for that of the Secretary. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). Claimant bears the burden of proving his disability which must be the result of a medically determinable physical or mental impairment. See Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.1988). There is no medical evidence in this record, however, to establish that claimant was precluded from all substantial gainful activity prior to the expiration of his insured status on March 31, 1986. We therefore affirm.
 
 
 4
 In determining onset date, relevant factors include "the individual's allegation, the work history, and the medical evidence." Soc. Sec. R. 83-20, 1983 WL 31249 (S.S.A.) at * 1. While claimant now alleges an onset date of April 1985, various documents in his files contradict that allegation. Claimant stated in his vocational report that he worked as a roofer from February 1977 to October 1989. App. at 102. In an earlier report, claimant again indicated that he was working as a roofer as late as 1989. Id. at 110. Claimant testified at his second hearing that he worked as a roofer until 1989 and perhaps into 1990. Id. at 45-47. The testimony of the vocational expert at the second hearing was that claimant could perform his past relevant work as a roofing supervisor or contractor for all times prior to January 28, 1991. Id. at 73. Claimant's testimony regarding his daily activities revealed that he disposed of the garbage, fed the chickens and the dogs, gathered eggs, and did some gardening. Id. at 57.
 
 
 5
 While claimant's medical history reveals evidence of a smoker whose lung problems became progressively worse, there is evidence of medical tests as late as April 1990 which demonstrate that claimant's lung capacity was greater than the limits set for disability. Compare App. at 165 with 20 C.F.R. Pt. 404, Subpt. P App. 1 3.02 (1990). While we acknowledge that an impairment need not reach the level of listing severity before onset can be established, see S.S.R. 83-20, 1983 WL 31249 at * 2, this and the other medical evidence of record, coupled with claimant's work history suggest an onset date much later than April 1985.
 
 
 6
 It was not until an examination by his treating physician on January 28, 1991, that any doctor limited claimant's work-related activities. On that date, Dr. D'Angelo noted that claimant had a work tolerance level of 15-20 minutes standing, 100-150 feet walking without resting, and a 10 pound lifting limit. App. at 197. Dr. D'Angelo was of the opinion that claimant could do only sedentary work. Id. Based on this opinion, the ALJ determined claimant's disability onset date to be January 28, 1991.
 
 
 7
 Claimant contends that the ALJ should have called a medical advisor to assist in establishing the onset date. The ALJ, however, is not obliged to call a medical advisor "in every case where the onset of disability must be inferred." Bailey v. Chater, 68 F.3d 75, 79 (4th Cir.1995). Only if the medical evidence is ambiguous must the ALJ consult a medical advisor. Reid v. Chater, 71 F.3d 372, 374 (10th Cir.1995).
 
 
 8
 It must be remembered that, for purposes of this appeal, claimant must prove disability before March 31, 1986. The medical evidence, however, when considered along with other vocational factors is clear that, while claimant had progressively worsening chronic obstructive pulmonary disorder, his condition was not disabling before the expiration of claimant's insured status. See SSR 83-20, 1983 WL 31249 at * 3 (onset date "can never be inconsistent with the medical evidence of record").
 
 
 9
 The ALJ found claimant disabled at step five after consulting the medical vocational guidelines and a vocational expert. Thus, claimant's arguments regarding whether claimant could do his past relevant work are beside the point.
 
 
 10
 We hold that substantial evidence supports the conclusion that claimant was not disabled at any time before March 31, 1986. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [3]
 Claimant's insured status for disability insurance purposes expired on March 31, 1986