UNITED STATES COURT OF APPEALS

**Filed 10/17/96**

FOR THE TENTH CIRCUIT

PATSY G. REDFEARN,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

     Defendant-Appellee.

No. 96-5003
(D.C. No. 94-C-1063-W)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Patsy Redfearn appeals from an order of the district court affirming the Secretary's decision denying her application for social security disability benefits. Ms. Redfearn filed for disability benefits on March 3, 1993. She alleged disability due to arthritis and a shoulder injury. Her request was denied initially and on reconsideration. Following a de novo hearing on March 1, 1994, an administrative law judge (ALJ) determined that she was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, and Ms. Redfearn filed suit in district court. The district court affirmed the Secretary's decision, and she appealed to this court.

We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence in the record viewed as a whole and whether the correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir. 1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Fowler v. Bowen, 876 F.2d 1451, 1453 (10th Cir. 1989)(quotation omitted).

The Secretary has established a five-step sequential evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step disability test). The claimant bears the burden of proving disability at steps one through four. See id. at 751.

Here, the ALJ found, at step four, that Ms. Redfearn could perform her past relevant work as a dispatcher. Ms. Redfearn contends that the Secretary's decision is not supported by substantial evidence because the ALJ improperly relied on opinions of nonexamining consultants, failed to develop the record concerning her depression, and improperly evaluated her complaint of pain.

The ALJ determined that Ms. Redfearn retained the residual functional capacity to perform the full range of light work, except for work requiring frequent stooping and bending or frequent overhead reaching. Ms. Redfearn challenges this assessment based upon a "functional tolerance profile" dated August 19, 1991, which shows that she can sit for only ten minutes and can lift and carry only three pounds. She contends that the profile constitutes an "opinion of her treating physician," which outweighs the nonexamining consultants' assessment of her capabilities. See, e.g., Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)(treating physician's opinion generally favored over that of consultant). There is no indication who prepared the tolerance profile; it is unsigned and

-3-

appears to have been prepared as part of a general workup at the "return to work program" Ms. Redfearn attended. The profile was not entitled to the great weight accorded to a treating physician's opinion.

Moreover, we have reviewed the record and have determined that it contains substantial evidence to support the ALJ's ultimate conclusion that Ms. Redfearn's exertional limitations do not prevent her from performing her past relevant work. The medical evidence does not support the extreme limitations on sitting, standing, and walking which she alleges. The VE testified that her work as a dispatcher was sedentary, with occasional reaching and handling, and could be performed with limitations on overhead reaching. The VE further stated that the restrictions with use of her hands due to arthritis Ms. Redfearn described would not prevent her from working as a dispatcher. She could even perform the job with alternating sitting and standing. Appellant's Supp. App. at 67-69.

Ms. Redfearn next asserts that the ALJ failed to develop the record concerning her depression. Where the evidence presented to the ALJ reveals that the claimant suffers from a mental disorder, but contains insufficient medical evidence to evaluate the disorder and its effect on the claimant's ability to work, the ALJ has a duty to further develop the record. See Carter v. Chater, 73 F.3d 1019, 1021-22 (10th Cir. 1996).

-4-

Ms. Redfearn's list of medications included Zoloft for "nervous[ness]/ depression." Appellant's Supp. App. at 206. The ALJ asked Ms. Redfearn about the Zoloft at the hearing. In response to the ALJ's questions, she stated that the Zoloft helped her nervousness and depression. She did not complete her sentence. Id. at 45. She also stated that the medication left her drowsy, id. at 46, and that she could not hold her train of thought very long and had periods of time where she went "totally blank" and forgot what she was going to say, id. at 45.

The ALJ commented that it was unusual that Ms. Redfearn was taking antidepressant medication without any evidence of psychiatric or psychological treatment in the record. Id. at 63-64.[1] Apparently, he accepted without further inquiry her husband's explanation that she took the medication to help her with "nerves" associated with menopause. Id. at 63. There was evidence in the record that Dr. Choteau had previously prescribed estrogen for this purpose. Id. at 136-37. The ALJ did not order a consultative examination or complete a PRT form, and made no mention of depression in his decision. The evidence of

---

[1]    During the review by the district court, Ms. Redfearn attempted to clear up the mystery of the Zoloft prescription with new evidence. She presented, among other documents, a record dated July 21, 1993, from Dr. Choteau showing that estrogen treatment had failed to relieve Ms. Redfearn's depressive symptoms. Dr. Choteau diagnosed her with depression and lethargy and prescribed the Zoloft for these symptoms. Appellant's App. at 90. The district court declined to remand the case to the Secretary for consideration of this new evidence. It is unclear whether Ms. Redfearn seeks review of the district court's decision declining to remand for consideration of these records.

depression in this record, however, including the testimony at the hearing, required the ALJ to further develop the record concerning depression, see Carter, 73 F.2d at 1021-22, and we must remand for this purpose.

Finally, Ms. Redfearn contends that the ALJ failed to properly evaluate her complaints of pain. She argues that the ALJ's evaluation was based on several mistaken factual assumptions: that she was no longer receiving medical care or treatment for pain, that she took no medication other than over-the-counter pain remedies, and that she did not use a crutch or cane.

Having reviewed the record, we hold that the ALJ's factual findings on these points are supported by substantial evidence.

On remand, after further development of the record, the ALJ should consider whether Ms. Redfearn suffers from an affective disorder, see 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04, or a nonexertional mental impairment. Her mental impairments, if any, must then be evaluated in combination with her physical impairments and any nonexertional limitations. The ALJ should consider her mental impairments, if any, in completing the PRT form, in evaluating her residual functional capacity, and, if necessary, in framing a revised hypothetical question to the vocational expert.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and this case is REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court

Michael R. Murphy
Circuit Judge