UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

RHONDA L. HUNT,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 96-5085
(D.C. No. 95-C-144-J)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, ALARCON,[***] and LUCERO, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner has been substituted for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Rhonda L. Hunt appeals from an order of the magistrate judge, sitting for the district court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1), affirming the denial of her application for supplemental security income.  We have jurisdiction under 28 U.S.C. § 636(c)(3) and 28 U.S.C. § 1291, and we affirm.

Claimant alleges disability since 1989 due to low back pain, pain in the right hip and down the right leg, weakness of the right knee, numbness in the right foot, chest pain, and hypertension.  The administrative law judge (ALJ) denied benefits at step five, see 20 C.F.R. § 416.920; see generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing five-step analysis), concluding that, although claimant was unable to return to her past work which involved medium physical demands, she retained the capacity to perform a full range of sedentary and light work.  See II Appellant's App. at 27.

On appeal, claimant contends that the ALJ (1) improperly discounted her claims of disabling pain and limited mobility, (2) erred in applying the grids because of the existence of nonexertional impairments, and (3) improperly relied

2

on expert vocational testimony solicited through an allegedly incomplete and improper hypothetical.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence and to ascertain whether she applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion." Kepler v. Chater, 68 F.3d 387, 388-89 (10th Cir. 1995)(citing Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991)). "We cannot reweigh the evidence or substitute our judgment for that of the Secretary." Hargis, 945 F.2d at 1486.

Claimant contends the ALJ erroneously concluded she could engage in the full range of light and sedentary work. She argues he improperly discounted her complaints of disabling pain and limited mobility and, in particular, failed to follow the dictates of Kepler, 68 F.3d 387, which require express findings with reference to relevant evidence as opposed to a mere conclusion that pain is not disabling, see id. at 391; see also Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995).[1] We do not agree. In this case, the ALJ did not simply list the factors to

_____

[1]    Although claimant admits that she did not raise this argument in district court and thus would ordinarily be found to have waived it, see Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994), she correctly notes that Kepler had not been decided at the time she filed her brief in the district court.

3

be considered, as was condemned in <u>Kepler</u>. On the contrary, he also identified the evidence upon which he relied in reaching his conclusion, including the absence of any care or treatment of the allegedly disabling conditions and a physical examination which was essentially negative or within normal limits. <u>See</u> II Appellant's App. at 26. "'Credibility determinations are peculiarly the province of the finder of fact,'" <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1020 (10th Cir. 1996)(quoting <u>Diaz v. Secretary of Health & Human Servs.</u>, 898 F.2d 774, 777 (10th Cir. 1990)), and we see no reason on this record not to defer to the ALJ.

Claimant also contends that the ALJ erred in applying the medical-vocational guidelines (grids), 20 C.F.R. pt. 404, subpt. P, app. 2, to determine that she is not disabled. The ALJ's reliance on the grids is not error where, as here, the ALJ found claimant's testimony regarding her nonexertional impairments not fully credible. <u>See</u> <u>Castellano</u>, 26 F.3d at 1030 (citing <u>Eggleston v. Bowen</u>, 851 F.2d 1244, 1247 (10th Cir. 1988)("Use of the Grids is only precluded to the extent that nonexertional impairments further limit the claimant's ability to perform work at the applicable exertional level.")). Furthermore, in this case, the ALJ did not rely solely on the grids in making his determination. The ALJ also considered the testimony of a vocational expert,
 <u>see</u> II Appellant's App. at 27, who identified a significant number of light and sedentary jobs claimant could perform even assuming she suffers from high blood

4

pressure, an unreliable knee, and chronic pain requiring medication and changes in position from time to time, see id. at 155-57.

Claimant challenges the ALJ's reliance on the testimony of the vocational expert, arguing that it was improperly solicited through an incomplete and misleading hypothetical. The ALJ's hypothetical was incomplete, according to the claimant, because it did not take into account all of the limitations to which she testified at the hearing. The law in this circuit is clear, however, that the ALJ need include only those limitations he properly finds are established by the evidence. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).

Claimant also takes exception to the assumption included in the ALJ's hypothetical that "[claimant] has the physical capacity to perform sedentary or light work," II Appellant's App. at 154. She cites Bastian v. Schweiker, 712 F.2d 1278, 1282 n. 5 (8th Cir. 1983), Gilliam v. Califano, 620 F.2d 691, 693-94 & n.1 (8th Cir. 1980) and Ash v. Sullivan, 748 F. Supp. 804, 809 (D. Kan. 1990), for the proposition that any such assumption constitutes legal error because it "assumes the fact to be proved," Appellant's Br. at 20. Again, we disagree. The cases upon which claimant relies all involve situations "where there was no evidence to support the assumption underlying the hypothetical," Dumas v. Schweiker, 712 F.2d 1545, 1554 (2nd Cir. 1983)(where court rejects identical argument of error and distinguishes cases, including Gilliam, which are critical of

5

hypotheticals that ask a vocational expert to assume a particular physical capability on the part of the claimant); see Bastian, 712 F.2d at 1281 ("we find no record support for the ALJ's conclusion that appellant could perform sedentary work in a competitive work setting"); Gilliam, 620 F.2d at 693 ("The only evidence in the record to support the ALJ's finding that [claimant] could engage in substantial gainful activity is the testimony of the vocational expert."); Ash, 748 F. Supp. at 809 ("The Secretary's decision that plaintiff could perform sedentary work is not supported by substantial evidence.").  The same cannot be said in the case before us now.

Our review of the record in this case reveals substantial evidence to support the ALJ's conclusion that claimant retains the capacity for light and sedentary work.  As a preliminary matter, we note the record lacks not only any diagnosis of disabling pain, but any diagnosis of a pain-producing impairment of claimant's back, hips or legs.  Dr. Lee, who examined claimant in December of 1992, found completely normal ranges of motion in her back and extremities, no evidence of lumbar disk disease, no evidence of sciatic nerve irritation, no evidence of deformity, tenderness or swelling in any joint, no evidence of numbness anywhere, and a normal and steady gait.  See II Appellant's App. at 105-06.  The only "positive" findings at all, if they could be characterized as such, were his findings of mild tenderness at the sacroiliac level, some tenderness (although

6

inconsistent) over the right hip, and minimal tenderness on the left side of the chest, which he diagnosed as probable chest wall pain. Id. at 106.

The records from claimant's hospitalization in July of 1992 shed little light on claimant's allegedly disabling conditions, relating as they do to an episode of acute pancreatitis and substance abuse, see id. at 124. It is notable that on the occasion of her hospitalization, two and a half years after she claims to have become disabled, claimant appears to have shared very little about some of her allegedly disabling conditions. With regard to her history, for example, Dr. James notes only that "[s]he has occasional right leg pain. She denies other swelling and stiffness," id. at 127. Furthermore, upon physical examination, Dr. James noted only a "[s]light restriction of motion of the cervical, thoracic, and lumbar spine," id. at 128. Because there is substantial evidence to support the assumption upon which the vocational expert was asked to base his opinion, we conclude that the ALJ's hypothetical question was not improper. See Dumas, 712 F.2d at 1554.

The judgment of the magistrate judge, entered in the United States District Court for the Northern District of Oklahoma, is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

7