**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CALVIN W. ADAMS,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 97-5234
(D.C. No. 96-CV-842-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT  [*]

---

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's order affirming the Commissioner's decision that he was not disabled before the expiration of his insured status on December 31, 1991, and therefore was not eligible for disability insurance benefits. On appeal, plaintiff argues that (1) the Administrative Law Judge (ALJ) applied incorrect legal standards in analyzing the medical records for the relevant period; and (2) the ALJ should have consulted a medical advisor to determine his disability onset date. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

Plaintiff applied for disability benefits claiming he was disabled due to chest pain, difficulty breathing, and lack of energy and stamina associated with coronary artery disease; pain in his fingers and hands; skin cancers; high blood pressure; and ulcers. [1] The Social Security Administration denied his application initially and on reconsideration, finding on each review that he was not disabled when his insured status expired on December 31, 1991. In its report denying reconsideration, the Social Security Administration, however, did determine that

---

[1]    In his application for benefits, plaintiff alleged disability as of November 24, 1986. The ALJ determined that because plaintiff had failed to appeal an earlier denial of benefits dated February 5, 1988, and because no reason existed to reopen the prior application, the earlier decision was a final administrative decision. Plaintiff does not contest this determination. Moreover, we lack jurisdiction to review the Commissioner's refusal to reopen.        See Brown v. Sullivan , 912 F.2d 1194, 1196 (10th Cir. 1990). Thus, February 5, 1988, is the relevant date for determining when disability may have commenced.

plaintiff met the listings for a disabling heart condition,       see 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.04B, as of February 24, 1994. At plaintiff's request, an ALJ held an evidentiary hearing. After the hearing, the ALJ determined at step five of the sequential evaluation process,     see Williams v. Bowen , 844 F.2d 748, 750-52 (10th Cir. 1988); 20 C.F.R. § 404.1520, that plaintiff could perform a significant number of enumerated light work jobs in the national economy as of December 31, 1991. The ALJ therefore concluded that plaintiff was not disabled as of that date. When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner.     See 20 C.F.R. § 404.981. Plaintiff appealed, and the district court affirmed. This appeal followed.

We review the Commissioner's decision that plaintiff was not disabled as of December 31, 1991, "to determine whether his factual findings are supported by substantial evidence and whether he correctly applied the relevant legal standards." Daniels v. Apfel , No. 98-5004, 1998 WL 515160, at *2 (10th Cir. Aug. 18, 1998).

Plaintiff argues that the ALJ failed to properly evaluate the evidence at step five and did not shift the burden of proof to the Commissioner until the ALJ reached the vocational issues at step five.     Plaintiff contends the ALJ allowed the Commissioner to rely on the absence of medical evidence to effectively shift the burden back to plaintiff.     See Miller v. Chater , 99 F.3d 972, 976 (10th Cir. 1996)

-3-

(determining absence of conclusive medical evidence cannot meet Commissioner's step five burden because reliance on paucity of medical evidence effectively shifts burden back to claimant).

When a claimant proves, as plaintiff did here, that he cannot do his past work due to disability, "the burden shifts to the [Commissioner] to show that the claimant retains the residual functional capacity . . . to do other work that exists in the national economy" before the expiration of his insured status.    Id. at 975 (further quotation omitted).  Thus, the evidence must be sufficient for the Commissioner to prove that the claimant could perform work.    See id. at 976.

Here, the ALJ expressly shifted the burden to the Commissioner.  Also, the ALJ considered the evidence in the record and correctly determined that it was sufficient for the Commissioner to show that plaintiff could perform light work with certain limitations.

Plaintiff questions whether the ALJ gave appropriate weight to or considered all of the relevant medical evidence in the record.  Plaintiff believes that the ALJ should have given greater weight to the March 1987 opinion of Dr. Conley, a consulting doctor, who indicated that plaintiff's heart condition was progressive and that he could not engage in work activities.  Plaintiff also believes that the 1990 emergency room records suggest that his heart condition

seriously limited his activity at that time because he was encouraged to seek cardiac treatment.

Although the ALJ did not specifically discuss this evidence, and is not required to do so, he did indicate that he had examined the entire record. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (requiring ALJ to consider, but not specifically discuss, each piece of evidence). Dr. Conley's opinion had been rejected in the February 5, 1988, final decision denying disability benefits for several reasons. See Appendix Vol. II at 236-37. With respect to the 1990 emergency room visit for hemorrhoidal pain, the ALJ correctly observed that the record stated that plaintiff's cardiac disease was asymptomatic. Further, the ALJ correctly noted that plaintiff did not seek medical care for his heart problems from 1987 to 1993, albeit allegedly due to financial constraints. The evidence in the record as a whole sufficiently indicated that plaintiff's heart condition did not preclude him from working through December 31, 1991. Accordingly, we conclude the ALJ properly evaluated the evidence and properly shifted the burden of proof to the Commissioner.

Plaintiff next argues the ALJ erred by failing to obtain the testimony of a medical advisor to establish the date of the onset of his disability. Social Security Ruling 83-20, 1983 WL 31249, recognizes that an ALJ sometimes may need to obtain the services of a medical advisor to infer a disability onset date. See Reid

v. Chater , 71 F.3d 372, 374 (10th Cir. 1995).  "However, a medical advisor need

be called only if the medical evidence of onset is ambiguous."      Id.  Here, there

was no ambiguity.  The medical evidence established that plaintiff could perform

work through the date of expiration of his insured status.  We conclude the ALJ

did not err in failing to call a medical advisor.

Because there is substantial evidence to support the ALJ's determination

that plaintiff was not disabled as of December 31, 1991, and because the ALJ

applied the correct legal standards in reaching his decision, the judgment of the

United States District Court for the Northern District of Oklahoma is

AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge