**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDNA FAY RAY,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security,

      Defendant-Appellee.

No. 99-7081
(D.C. No. CIV-97-619-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Edna Fay Ray appeals from an order of the district court affirming the Commissioner's determination that she was not entitled to Social Security disability insurance benefits prior to October 27, 1995. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Ray was laid off from her job as a production worker on June 17, 1994, and has not engaged in substantial gainful activity since that date. Although her former employer told her that the layoff was attributable to a corporate downsizing, she believes that it was related to her sustaining on-the-job injuries. In filing for social security benefits, Ms. Ray alleged disability as of the layoff date, due to carpal tunnel syndrome; back, neck, shoulder, and ankle conditions; problems with her feet; and the mental impairment of depression. Her request was denied initially and on reconsideration.

After conducting a hearing, the administrative law judge (ALJ) determined, at step four of the five-step sequential evaluation process, that Ms. Ray was not disabled from June 17, 1994 through October 26, 1995, in that her residual functional capacity was sufficient during that period for her to perform her past relevant work as a cashier/checker.    See Williams v. Bowen  , 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five-step process).  He further determined that her depression became disabling beginning October 27, 1995 and awarded benefits beginning on that date.  The ALJ's decision, which became the final decision of the Commissioner, was upheld on judicial review in the district court.

At issue on appeal is the ALJ's determination with regard to her mental condition prior to October 27, 1995.  Ms. Ray contends that the ALJ erred in fixing the disability onset date by failing to:  (1) comply with the requirements of Social Security Ruling (SSR) 83-20, 1983 WL 31249, and (2) obtain adequate information about the mental demands of her past relevant work, under the dictates of  Winfrey v. Chater  , 92 F.3d 1017, 1024-25 (10th Cir. 1996).

Social Security Ruling 83-20

defines the onset date as "the first day an individual is disabled as defined in the Act and the regulations."  Factors relevant to the determination are the claimant's allegation of an onset date, his work history, and the medical evidence, with medical evidence being the primary element in determining onset date.

Reid v. Chater, 71 F.3d 372, 373 (10th Cir. 1995). Id. "[T]he date alleged by the individual should be used if it is consistent with all the evidence available . . . . However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record." SSR 83-20, 1983 WL 31249, at *3.

Most of the medical records submitted in this case relate to Ms. Ray's physical condition. The first indication of a mental impairment is a September 14, 1994 psychiatric review technique form, prepared at the state level, finding a mild affective mood disorder. An October 31, 1994 report of an orthopedic examination mentions that Ms. Ray told the examiner that her reported incontinence could be due to depression. On March 15, 1995, another orthopedist recommended a psychological consultation based on his impression, reached at a January 27, 1995 examination, that she had "[d]epression or psychological overlay." Appellant's App., Vol. 2 at 170. In response to this recommendation, the Commissioner requested a psychiatric evaluation for an affective disorder, including depression and anxiety.

Dr. Thomas A. Goodman, a psychiatrist, examined Ms. Ray on May 10, 1995. He related that Ms. Ray told him that "around November [1994] after she was laid off work, she began feeling 'lousy' and read about depression." Id. at 174. She went to a mental center health center, where she was given her

a screening test, told she was depressed, and placed on a waiting list for treatment. See id. At the time of his examination, Dr. Goodman found "current evidence of a mild depression which is probably situational, although it could possibly be the beginning of a more severe major depression." Id. at 176. "With treatment, [he] expecte[d] that she would probably receive considerable relief." Id. His diagnosis was "[d]epressive disorder, not otherwise specified, mild to moderate, currently untreated." Id. Ms. Ray began treatment for depression on October 27, 1995. The treating psychiatrist, Dr. James Fletcher, arrived at a diagnosis of severe, major depression, recorded December 5, 1995. Id. at 203.

Thus, the medical evidence is inconsistent with the June 17, 1994 onset date proposed by Ms. Ray and clearly supportive of the October 27, 1995 date selected by the ALJ. Before the beginning of treatment, there was evidence of mild to moderate depression, but not a mental impairment that kept Ms. Ray from working. We conclude that the ALJ applied the correct legal standard in establishing the disability onset date.

We also reject Ms. Ray's related claim, that the ALJ's step-four determination was flawed by a failure to develop the mental demands of her past relevant work. A step-four analysis is

> comprised of three phases. In the first phase, the ALJ must evaluate a claimant's physical and mental residual functional capacity, and in

the second phase, he must determine the physical and mental demands of the claimant's past work. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

Winfrey, 92 F.3d at 1023 (citations omitted).

At phase one, the evaluation of a mental impairment that allegedly prevents a claimant from working is documented by completing a psychiatric review form (PRT). See id. at 1024. Here, the ALJ determined that until October 27, 1995, Ms. Ray's mental impairment only slightly restricted the activities of daily living and social functioning; seldom affected concentration, persistence, or pace in work settings; and never resulted in episodes of deterioration or decompensation. The regulations provide that a finding of "no severe mental impairment" is proper upon such ratings. 20 C.F.R. § 404.1520a(c)(1). A nonsevere mental impairment "does not significantly limit [a claimant's] mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).

Under these circumstances, the ALJ obtained adequate factual information to determine the mental demands of Ms. Ray's past work and to complete the three phases of the step-four analysis. The brevity of his findings as to the requirements of the cashier/checker job does not constitute legal error.

For the reasons stated above, the judgment of the district court is

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge