**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VELMA R. HENDERSON,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

      Defendant-Appellee.

No. 03-5024
(D.C. No. 01-CV-790-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ** , **BALDOCK** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

    *     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Velma R. Henderson appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether her factual findings were supported by substantial evidence in light of the entire record and to determine whether she applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Henderson alleged disability as of December 11, 1997, due to anxiety, depression, migraine headaches, and pain in her neck, shoulder, and back. The administrative law judge (ALJ) determined that she was not disabled at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as she could return to her prior work as a salad maker, laundry aide, and housekeeper subject to specified limitations. The ALJ also determined that, at step five, she had the residual functional ability to perform the jobs of bench assembly worker and hand packer.

On appeal, Ms. Henderson argues the ALJ failed to consider her impairments individually and in combination because he did not discuss his reasons for including or excluding her severe impairments in his decision as he overlooked her weak grip. She also contends the ALJ failed in his step four and step five analyses because she cannot met the gripping requirements of the jobs he identified as ones she could perform.

Ms. Henderson's arguments center around her weak grip. However, she has not complained of gripping problems to her physicians. Dr. Dalessandro, a consulting physician, determined she had the dexterity to perform fine and gross manipulation and had a normal range of motion in her hands and wrists. He noted that she had a "[ g]rip strength of right 20 kg and left 20 kg[,]" but had "no joint deformities or swelling." Aplt. App., Vol. II at 185.

Ms. Henderson contends the ALJ was required to consider her grip strength a severe impairment at step two because she testified about it at the hearing. Counsel has misrepresented the holding in the case he cites to, Pena v. Chater, 76 F.3d 906, 909 (8th Cir. 1996) (ALJ has no obligation to investigate claim not presented at time of application for benefits *and* not offered at hearing as basis for disability). Further, we are not bound by decisions of our sister circuits. See Garcia ex rel. Garcia v. Miera, 817 F.2d 650, 658 (10th Cir. 1987). One mention of a possible impairment, the significance of which can only be

supported by reference to medical literature, and of which the claimant has never complained to any treating physician, does not amount to a severe impairment supporting a finding of disability.

Contrary to Ms. Henderson's contention, the ALJ did not ignore step two in his analysis. He considered her impairments of headaches, a back disorder, and affective disorder, anxiety-related disorder to be severe. Although the ALJ did not address Ms. Henderson's weak grip at step two, he was not required to do so. The mere fact that Ms. Henderson has a weak grip is not sufficient to make a step-two showing. See Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 19 97) (claimant must show more than mere presence of impairment at step two). As the ALJ did not commit error at step two, his steps four and five findings were not "contaminated." Dr. Dalessandro was the only physician to address Ms. Henderson's abilities regarding her hands. His mere observations do not support a determination of disability, when they (1) do not describe a disability and (2) are not supported by any evidence in the medical records that the claimant ever sought treatment for that impairment. Cf. 20 C.F.R. § 404.1527(d)(2); Reid v. Chater , 71 F.3d 372, 374 (10th Cir. 1995) (generally treating physician's opinion regarding severity of claimant's impairments is favored over that of consulting physician).

Ms. Henderson's arguments regarding the gripping demands of each of her past jobs are new on appeal, not merely more detailed presentations of previously raised issues.  We will not address them here.    See Crow v. Shalala , 40 F.3d 323, 324 (10th Cir. 1994)  . Further, they are without merit.

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge