**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BETTY J. McMAHON,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 98-5189
(D.C. No. 97-CV-598-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Betty J. McMahon appeals the district court's order[1] affirming the Commissioner's decision to deny her application for disability insurance benefits and supplemental security income benefits. She alleges disability since June 24, 1993, due to carpal tunnel syndrome in both hands; back, hip and neck limitations; peptic ulcer; and chronic bronchitis. Following a hearing, the administrative law judge (ALJ) determined at step four of the five-step analysis, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps), that claimant could not perform her past work in various clerical and bookkeeping capacities and as a construction cleaner. The ALJ concluded at step five, however, that claimant had transferrable skills and retained the residual functional capacity for sedentary work. Therefore, the Commissioner determined that claimant was not disabled within the meaning of the Social Security Act. On appeal, claimant contends that the ALJ's finding that claimant did not have a significant manipulative impairment is not supported by substantial evidence. We agree and remand for further proceedings.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. See Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'such relevant evidence as a reasonable mind might

_____

[1] The parties proceeded before a magistrate judge. See 28 U.S.C. § 636.

accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971) (further quotation omitted)). We may neither reweigh the evidence nor substitute our judgment for that of the Commissioner. See Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Claimant contends that the record does not contain substantial evidence to support the Commissioner's determination at step five that she could perform the jobs identified by the vocational expert (VE) as those in which she could utilize her transferrable job skills. The jobs the VE listed are telephone answering service operator and data entry clerk. Claimant asserts that both of those jobs require frequent or constant reaching, handling and fingering. She argues that her hand impairments prevent her from performing those tasks, as established by her own testimony and the medical evidence.

The record reflects that claimant underwent carpal tunnel surgery on her right wrist in April of 1993 that resulted in "full and painless range of motion," R. Vol. II at 165, and in July of 1993 she obtained relief from pain in her left wrist by steroid injection, see id. She maintains that the evidence shows that her condition worsened after 1993.

The medical evidence after 1993 relating to her problems with her hands consists of reports prepared by three consulting physicians: Dr. Calhoun –

-3-

November 2, 1994, Dr. Martin – June 2, 1994 and January 11, 1995, and Dr. Moses – July 27, 1994. Claimant did not seek further treatment from her treating physician, Dr. Watts, after he released her for work in August of 1993. All three consulting physicians found decreased grip strength in both of claimant's hands. Dr. Calhoun stated that her gross and fine manipulative abilities were normal and that she could manipulate small objects and effectively grasp tools. See R. Vol. II at 268-69, 273. Dr. Martin noted that claimant complained of pain and stiffness in both wrists and found positive Tinel's signs and tenderness over the flexor tendons. See id. at 295-98. He opined that claimant was totally disabled due to her combined impairments, including her right arm. See id. at 296. Dr. Moses found a positive Tinel's sign on the left and determined that injuries to her right upper extremity contributed to a 31% impairment to the whole person. See id. at 313-14.

Claimant testified that her hands were weak, see id. at 37, 41; that her wrist problems have worsened since she tried to return to work after her 1993 carpal tunnel surgery, see id. at 38; she cannot work on a computer, primarily due to neck pain and an inability to sit, but also due to her carpal tunnel problems, see id. at 44; and her hands will not work to put in a bolt or screw, see id. at 59, or a light bulb, see id. at 51. She also testified that her right hand is weak and using her left hand for very long causes it to tingle and go to sleep, but that use does

not aggravate her hand problem, except to cause mild aching in the knuckles. See id. at 50.

Despite claimant's testimony about her problems with her hands and wrists, the ALJ found that claimant's hand and wrist limitations were not disabling because "she did not complain of wrist problems in the hearing." Id. at 19. The ALJ discounted Dr. Moses' opinion because there was no evidence that he had even examined her, see id. at 20, even though Dr. Moses' report stated clearly that he examined her and described the examination, see id. at 312-13. The ALJ did not discuss the opinions of Dr. Martin or Dr. Calhoun relating to claimant's ability to use her hands and wrists. In addition, although the ALJ found that claimant could lift 8.8 pounds and had a diminished grip, he made no finding that she could perform repetitive motion tasks with both hands.

Dr. Martin's June 1994 and January 1995 reports and Dr. Moses' July 1994 report do not conflict with the treating physician's August 1993 report because they apply to different time periods. The reports of consulting physicians, Calhoun, Martin and Moses, were the only medical evidence submitted pertaining to a relevant time period and should have been considered. See Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995). The opinion of the treating physician, Dr. Watts, who stated in 1993 that claimant had "evidence of permanent impairment to both upper extremities . . . [and] may need further medical care of

the left wrist in the future," R. Vol. II at 165, is consistent with the opinions of Drs. Martin and Moses, who indicated that claimant's hands and wrists were painful and limiting. There may be a conflict between those two consulting physicians and the third consulting physician, Dr. Calhoun, who found that claimant could manipulate small objects and grasp small tools. On remand, the ALJ should resolve any conflicting medical reports relative to claimant's hand and wrist problems.

Also on remand, the ALJ should resolve the apparent conflict between his finding that claimant could not perform her past work as a bookkeeper and clerk, and his determination that she could perform the jobs of telephone answering service operator and data entry clerk. The skills the VE found to be transferrable from claimant's past work included switchboard, typing, computer and telephone skills. See R. Vol. II at 64-65. Claimant's transferrable skills from her past jobs (jobs the ALJ found she could not perform) and the jobs the ALJ found she could perform all require repetitive hand and wrist motions. See Dictionary of Occupational Titles 203.582-054 (data entry clerk); 235-662-026 (telephone answering service operator); 203.382-030 (word processing machine operator); 210.382-014 (bookkeeper). In the event the ALJ determines on remand that claimant's use of her hands and wrists is limited, he should ascertain whether the jobs identified by a VE will accommodate those limitations. Cf. Henrie v. United

States Dep't of Health & Human Servs. , 13 F.3d 359, 361 (10th Cir. 1993) (in step four case, Commissioner must compare demands of claimant's work with her abilities); see also Haddock v. Apfel , No. 98-7063, 1999 WL 492652, *6 (10th Cir. July 13, 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and this case is REMANDED for further proceedings in accordance with this order and judgment.

Entered for the Court


John C. Porfilio
Circuit Judge